Michael Cohn
Weidner & Associates, APC
943 W. 6th Ave., Ste. 300
Anchorage, AK 99501
(907) 276-1200/(907) 278-6571 Fax
pmaughan@weidnerjustice.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| ESTATE OF CHASTITY SMITH, by and through Personal Representative Paul Frost; L.L., a Minor, by and through Paul Frost, Personal Representative of the Estate of Chastity Smith; D.E., a Minor, by and through Paul Frost, Personal Representative of the Estate of Chastity Smith,<br><br>                 Plaintiffs<br>v.<br><br>UNITED STATES OF AMERICA; BRISTOL BAY AREA HEALTH CORPORATION; KANAKANAK HOSPITAL; TOGIAK HEALTH CLINIC; CATHERINE HYNDMAN, MD individually and/or as an employee; LEONA L SCHROEDER individually and/or as an employee; ERIN M SCHROEDER, individually and/or as an employee; RENÉ GREENLEY, individually and/or as an employee; DEANNA J SNYDER, individually and/or as an employee; TERESA R. FRAZIER, individually and/or as an employee; SHIRLEY M. WASSILLIE, individually and/or as an employee; ERIC GOSUK, individually and/or as an employee; JOHN AND JANE DOES 1 – 10, individually and/or as employees,<br><br>                 Defendants. | Case No. 3:15-CV-00042 JWS |

## **AMENDED COMPLAINT**

COMES NOW PLAINTIFFS, ESTATE OF CHASTITY SMITH, by and through Personal Representative Paul Frost, D.E. and L.L., by and through Paul Frost Personal

Representative of the Estate of Chastity Smith, by and through Counsel Phillip Paul Weidner of Phillip Paul Weidner & Associates, APC, and hereby states, claims, pleads and alleges as his Cause(s) of Action in the instant matter as follows:

1) Chastity Smith was a citizen of the State of Alaska at all times pertinent hereto. She was and is a resident of the village of Togiak at all times relevant hereto. Her children, Plaintiffs L.L., a minor, and D.E., a minor, were and are resident of the village of Togiak at all times relevant hereto.

2) Chastity Smith complained of intestinal problems beginning in the year 2010 and was treated at TOGIAK HEALTH CLINIC, in Togiak, Alaska. She had various intestinal problems from 2010 onward, including heartburn, diarrhea, and defecating blood. Health aides at the Togiak Health Clinic told her she was just suffering from hemorrhoids. The symptoms continued to get worse. She had pain in her back/hips, vomiting, tiredness, weight loss, and constipation. Throughout this time, the Togiak Health Clinic employees simply prescribed medications such as stool softeners and suppositories. One health aide even accused Chastity Smith of lying about her symptoms.

The Togiak Health Clinic failed to run appropriate diagnostic tests to determine the source of Chastity Smith's physical manifestations of her underlying illness. On information and belief, the failure to properly diagnose and treat Chastity Smith began in 2010 and continued until 2013. The Togiak Health Clinic is also associated with KANAKANAK HOSPITAL in Dillingham, Alaska. On information and belief, the Togiak Health Clinic would from time to time consult with appropriate healthcare providers at the Kanakanak Hospital. Among the healthcare providers that were treating Plaintiff Chastity Smith was defendant DR. CATHERINE HYNDMAN, who on information and belief had privileges at the KANAKANAK HOSPITAL, and was either an employee and/or healthcare provider with medical privileges at the hospital. On information and belief both Kanakanak HOSPITAL and Togiak Health Clinic are subdivisions, and/or under the control of the Defendant BRISTOL BAY AREA HEALTH CORPORATION.

Neither Togiak Health Clinic nor Kanakanak Hospital took any appropriate diagnostics steps to determine the source of Chastity Smith's complaints from 2010 – 2012. The first appropriate testing was done in mid-January 2013, after which Chastity Smith was then referred to be treated at the Alaska Native Medical Center, where she was diagnosed with colon cancer.

**AMENDED COMPLAINT**
*Estate of Chastity Smith v. USA, et al.*, Case No. 3:15-CV-00042 JWS  Page 2 of 6
Case 3:15-cv-00042-JWS   Document 50   Filed 07/18/16   Page 2 of 6

By that point it had metastasized. Despite cancer treatments, which Chastity Smith struggled with the cancer for over 3 years and died February 23, 2015. She suffered the loss chance of life, due to delayed diagnosis and the failure to timely detect and treat the cancer in an earlier stage, pain and suffering, loss of enjoyment of life, loss of her relationship with her children, lost earnings, lost subsistence, and other damages.

As an Alaskan Native, whom are known to have a higher rate of colon cancer than other ethnic groups, the symptoms should have alerted Togiak Health Clinic and/or Kanakanak Hospital to undertake diagnostic testing earlier. Such testing would have been the appropriate standard of care, to determine if Chastity Smith had colon cancer. Her children, L.L. and D.E., have suffered loss of consortium with their mother at an early age. Plaintiffs will be filing appropriate paperwork to make Paul Frost a minister and family friend, the Personal Representative of the Estate of Chastity Smith. He will have the authority as Personal Representative to ratify actions for her on her on behalf of the Estate before he is formally appointed.

3) The United States is responsible for the health care system for Alaska Natives through said Defendants.

4) Defendants are the BRISTOL BAY AREA HEALTH CORPORATION which manages and/or controls the KANAKANAK HOSPITAL and/or TOGIAK HEALTH CLINIC, which was doing business in the State of Alaska at all pertinent times hereto. Defendant KANAKANAK HOSPITAL is an entity in the State of Alaska, operating as a hospital in the city of Dillingham at all times pertinent hereto. Defendant Togiak Health Clinic is an entity operating in the village of Togiak at all times pertinent hereto. Defendants Leona L Schroeder, Erin M Schroeder, Eric Gosuk, René Greenley, Deanna J Snyder, Teresa R Frazier, and Shirley M. Wassillie were and/or are healthcare providers at the Togiak Health Clinic who provided substandard care, below the standard of care, to Plaintiff Chastity Smith.

On information and belief, the Togiak Health Clinic failed to appropriately address the healthcare concerns of Chastity Smith, and one or more of the healthcare providers listed herein did not take seriously Plaintiff Chastity Smith's physical complaints, and further outrageously and recklessly accused her of faking or lying.

5) On information and belief many of the times that Chastity Smith visited the Togiak Health Clinic in 2010 complaining of intestinal problems, diarrhea, nausea, back pain,

**AMENDED COMPLAINT**
*Estate of Chastity Smith v. USA, et al.*, Case No. 3:15-CV-00042 JWS  Page 3 of 6
Case 3:15-cv-00042-JWS   Document 50   Filed 07/18/16   Page 3 of 6

and rectal pain, she was either ignored, or told her problem was hemorrhoids, and further on certain occasions the medical records were not created, incomplete, and/or otherwise missing. On information and belief, all such healthcare workers are employees and/or agents of the Togiak Health Clinic.

Defendant Dr. Catherine Hyndman, on information and belief, is a medical doctor who treated and/or advised of the treatment being rendered to Chastity Smith at the Togiak Health Clinic at all times pertinent hereto. On information and belief Dr. Catherine Hyndman was an employee and/or agent of the Defendant Kanakanak Hospital at all times pertinent hereto. On information and belief, defendant Dr. Catherine Hyndman's conduct fell below the appropriate standard of care and/or was reckless in failing to initiate appropriate diagnostic testing that would have, in all probability, discovered the cancer that was growing in plaintiff Chastity Smith's colon, but failed to do so. This was a breach of her duties to Plaintiffs, and fell below the appropriate standard of care for medical providers.

6) Jurisdiction in this court is proper under the Federal Tort Claim Act.

7) The medical malpractice for which the named defendants and/or other agents, employees and other associated persons or entities are legally responsible, was the proximate cause of and/or substantial factor in causing Chastity Smith's dire medical condition and death, and losses and damages, and the damages to her children.

8) John/Jane Doe Defendants 1-10, are entities and/or individuals including but not limited to, medical nurses, health aides and doctors, who are healthcare workers, who are individually liable and may also be employees and/or agents and/or medical staff at Togiak Health Clinic, Kanakanak Hospital and/or Bristol Bay Area Health Corporation. Said entities are also vicariously liable for the conduct of the individually named defendants, who are themselves individually liable, as well as being vicariously liable for that of the John/Jane Does.

9) By filing this Amended Complaint, it is the intention of the Plaintiffs to give notice to responsible parties as to all potential causes of action arising from the facts of this incident as set out herein. Plaintiffs seek relief for all tort and/or contract and/or consortium claims and/or other claims and actions under all applicable law. Moreover, the stating of certain cause of action in this Complaint and the allegations of certain facts as to said causes of action are without prejudice to Plaintiffs' rights to amend this Complaint at a future juncture, and to state supplemental new causes of action and add new parties as to any and all causes of action

**AMENDED COMPLAINT**
*Estate of Chastity Smith v. USA, et al.*, Case No. 3:15-CV-00042 JWS  Page 4 of 6
Case 3:15-cv-00042-JWS   Document 50   Filed 07/18/16   Page 4 of 6

that may be due to the culpable conduct of the responsible parties all of which relate back to this Complaint.

10) The defendants named herein are instructed to notify any and all John/Jane Does or other entities who may be culpable for the conduct set forth herein.

11) The conduct of the named defendants herein and other defendants, including John/Jane Does 1- 10, were reckless such that the medical malpractice damage limitations set out in AS 09 .55.549 are inapplicable

12) The Defendants' conduct is evidence of reckless indifference to the interests, health and safety of the Plaintiffs, and fell so far below the acceptable standard of care as to amount to willful and outrageous conduct, with willful indifference to the consequences, for which punitive damages are warranted in an amount sufficient to punish and deter Defendants from such conduct in the future, with due regard to the culpable nature of the conduct and each of said Defendant's net worth.

13) Due to the nature of the culpable conduct of the Defendants, and the degree of culpability, no statutory caps on compensatory and punitive damage limits, any jury verdict, award or judgment. In any event, any such caps are unconstitutional.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray that after appropriate proceedings and/or a jury trial and/or jury verdict, a judgment for the following be granted:

1) As to Plaintiffs, an appropriate award against each Defendant for compensatory damages in an amount in excess of $100,000;

2) For punitive damages on behalf of Plaintiffs against defendants, including an amount sufficient to punish and deter and chill such willful and grossly reckless and willfully indifferent conduct, with due regard to the culpable nature of the conduct and the defendants' net worth;

3) For prejudgment and post judgment interest in the maximum amount allowable by law;

4) For costs and attorneys fees as to each award in the maximum amount allowable by law;

5) For such other relief as the Court deems just, equitable and appropriate.

RESPECTFULLY submitted this 18th day of July, 2016, at Anchorage, Alaska.

WEIDNER & ASSOCIATES
Counsel for Plaintiffs

s/Michael Cohn
ABA No. 8506049

CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2016, a copy of the foregoing was served electronically on all parties registered to receive documents through ECF in this matter.

s/Michael Cohn

**AMENDED COMPLAINT**
*Estate of Chastity Smith v. USA, et al.*, Case No. 3:15-CV-00042 JWS  Page 6 of 6
Case 3:15-cv-00042-JWS   Document 50   Filed 07/18/16   Page 6 of 6